FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2011 OCT 11 PM 12:02

TIMOTHY M. O'BRIEN
CLERK

BY_____DEPUTY
AT KANSAS CITY, KS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

Sharon Gooden

11-cv-2565 CM/JPO

    Plaintiff,

**COMPLAINT**
**PLAINTIFF DEMANDS TRAIL BY JURY**

    -VS-

1. City of North Kansas City, Missouri
2. County of Clay, Missouri
3. State of Missouri
4. Caesars Entertainment, Inc., d/b/a Harrah's North Kansas City

    Defendants.

## COMPLAINT

COMES NOW the plaintiff, Sharon Gooden, appearing pro se, and for a complaint against the defendants above named, states, alleges, and avers as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1313, 1331, 1332 and 1343

2. This action is commenced pursuant to 42 U.S.C., sections 1983

### GENERAL ALLEGATIONS

3. The plaintiff, Sharon Gooden is a citizen of the State of Kansas, United States of America.

4. The defendants, City of North Kansas City Missouri, County of Clay County Missouri and the State of Missouri have state or local law enforcement agencies within their respective entities.

5. Defendant Caesar's Entertainment employs security officers at it's Harrah's North Kansas City property located at 1 Riverboat Drive, North Kansas City, Missouri 64116.

6. The defendants primary addresses are:

    a. State of Missouri
       Missouri State Highway Patrol
       1510 East Elm Street
       Jefferson City, Missouri

    b. Clay County Missouri
       Clay County Sherriff's Department
       12 South Water Street
       Liberty, Missouri  64068

    c. City of North Kansas City Missouri
       North Kansas City Police Department
       2020 Howell Street
       North Kansas City, Missouri  64116

    d. Caesar's Entertainment, Inc.
       Caesar's Palace Drive
       Las Vega, Nevada  89109

7. The defendants failed to properly train the law enforcement officers involved in the unlawful detention of plaintiff, Sharon Gooden, on December 26 and December 27, 2009; whereby plaintiff was (a) denied her constitutional rights, (b) received permanent injuries due to excessive force and (3) suffers mental anguish as a result of the defendants' negligence.

8. Plaintiff was unlawfully detained by Ceaser's Entertainment, Inc. security officers and the Missouri State Highway Patrol.

9. While plaintiff was sitting and receiving instructions from an Emergency Medical Services professional, plaintiff's right upper arm was grabbed by a Missouri Highway Patrol officer and she was slammed very hard against the wall. Plaintiff was then thrown into another wall with more force. While yelling for someone to cuff plaintiff, the officer put his weight on plaintiff's neck with his elbow. Plaintiff felt the bridge of her mouth open, her neck popped and her "ears" went "hollow". Plaintiff was still hooked to the many leads from the EKG machine which was now hanging off the table and the oxygen mask was still partially on plaintiff's face. These actions were a use of "excessive force" against a person who obviously was receiving medical attention and who did not present a threat. Plaintiff was denied access to her medication and denied medical attention at the Clay County Detention Center in Liberty Missouri by employees of the Clay County Sherriff's Department.

*Gooden vs. State of Missouri et al*     Page 2

10. During the detention at the Clay County Detention Center, the plaintiff a) overheard conspiracy discussions to "stick it to her" and (b) was denied access to a telephone, yet another detainee was able to use the telephone. Subsequently plaintiff was released without criminal charges being filed against her.

11. Title 42, section 14141 makes it unlawful for state or local law enforcement agencies to allow officers to engage in a pattern or practice of conduct that deprives persons of rights protected by the Constitution or U.S. laws.); and pursuant to 18 U.S.C., section 1343 which provides redress for the deprivation, under color of any State law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States. The defendants' law enforcement employees actions deprived plaintiff of her 4th Amendment Rights due to the defendants' failure to provide adequate training and accountability to the employees involved in this complaint. This failure caused a violation o of Title 43, section 14141.

12. WHEREFORE, plaintiff demands:

Punitive damages in the amount of $500,000 per defendant.

Compensatory damages in the amount of $1,000,000 per defendant.

Any further relief which the court may deem appropriate.

Plaintiff, Designates
teal Place Kansas City Kansas

Mrs. Sharon Hart
2307 Gettysburg Dr
Leavenworth Kansas
LL048
913-250-6507

DATE October 11, 2011

*[Signature]*

TERRI J. PARKER
Notary Public - State of Kansas
My Appt. Expires: July 6, 2014

Sworn before me this 11th day of October 2011.