IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| SHARON GOODEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 12-00286-CV-DGK |
| CITY OF NORTH KANSAS CITY, MISSOURI, et al., | ) | |
| Defendants. | ) | |

## ORDER REGARDING MOTION TO DISMISS

This case arises from Plaintiff's complaint against Defendants (1) City of North Kansas City, Missouri ("North Kansas City"); (2) County of Clay County, Missouri("Clay County"); (3) the State of Missouri; and (4) Caesars Entertainment, Inc. d/b/a Harrah's North Kansas City ("Caesars") for unlawful detainment, violation of constitutional rights, and mental anguish. Pending before the Court are Defendants North Kansas City and Clay County's Motion to Dismiss for Want of Personal Jurisdiction, or, in the Alternative Motion to Transfer Venue (Doc. 6) and Suggestions in Support (Doc. 7); Defendant Caesars's Motion to Dismiss (Doc. 10) and Suggestions in Support (Doc. 11); and Plaintiff's Response to these motions (Docs. 24, 26). Having fully considered the parties' arguments, the Court DENIES North Kansas City and Clay County's motion to dismiss (Doc. 6) and GRANTS Defendant Caesars's notion to dismiss (Doc. 10).

## Background

On October 11, 2011, pro se Plaintiff Sharon Gooden, a Kansas resident, filed a complaint under 42 U.S.C. § 1983 against Defendants (1) City of North Kansas City, Missouri;

1

(2) County of Clay County, Missouri; (3) the State of Missouri; and (4) Caesars Entertainment, Inc. d/b/a Harrah's North Kansas City in the United States District Court for the District of Kansas ("Kansas District Court").  Plaintiff's complaint arises from a trip to Harrah's North Kansas City casino during the early morning hours of December 27, 2009, where she alleges a member of the Missouri Highway Patrol grabbed her arm and slammed her against a wall. Plaintiff further alleges that after she was taken to the Clay County Detention Center in Liberty, Missouri, she was denied medical attention.

Subsequent to her filing, each defendant filed a motion to dismiss for want of personal jurisdiction, or in the alternative, to transfer venue to the United States Court for the Western District of Missouri (Docs. 6, 10, 17).  Defendant Caesars also filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

On March 5, 2012, the United States District Court for the District of Kansas granted Defendant State of Missouri's motion to dismiss, and, finding that venue was appropriate in the Western District of Missouri, transferred the case to this Court.  In its transfer order, the court noted that the motions to dismiss filed on behalf of the North Kansas City and Clay County (Doc. 6) and Caesars (Doc. 11) are still pending and may be decided by this Court.

## Discussion

**A.  Defendants North Kansas City and Clay County's motion to dismiss is denied.**

In their initial motion to dismiss before the Kansas District Court, Defendants City of North Kansas City and Clay County argued that dismissal was appropriate because the Kansas District Court lacked personal jurisdiction over them.  In the alternative, Defendants sought transfer of the case to this Court.  Although Defendants argue in one paragraph of their motion that Plaintiff's complaint "does not assert a viable civil rights claim against them," it is not clear

2

to this Court whether their reasoning pertains to a 12(b)(6) motion for failure to state a claim or to Defendants' stated motion to dismiss for lack of jurisdiction. Because Defendants did not title or refer to their motion as a 12(b)(6) motion, the Court will not construe it as such. Finding that this Court has proper jurisdiction over Defendants, the Court denies the motion to dismiss at this time.

### B. Defendant Caesars's motion to dismiss is granted.

Defendant Caesars also filed a motion to dismiss while the case was pending in the Kansas District Court. Caesars's basis for dismissal was sought under 12(b)(2), lack of personal jurisdiction; 12(b)(3), improper venue; 12(b)(5), insufficient service of process; and 12(b)(6), failure to state a claim upon which relief can be granted. Finding that Plaintiff has failed to state a claim pursuant to the requirements of 12(b)(6), the Court grants Caesars's motion to dismiss.

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court must construe complaints from pro se plaintiffs liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, pro se litigants must still "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff bases her claim against Caesars, a private actor, under 42 U.S.C. § 1983, which provides a civil cause of action for the deprivation of rights secured by the Constitution or laws

3

of the United States by persons acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). While a private actor may be liable under Section 1983 where it acts "under color of state law," its conduct must be "fairly attributable to the state." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). A claimant seeking to hold a private defendant liable under this theory "must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983).

Only two of Plaintiff's allegations expressly refer to Caesars, and neither allegation addresses why such a private entity should be held liable for conduct acting while under "color of state law." Paragraph Five of the Complaint, for example, alleges that "Defendant Caesars Entertainment employs security officers at its Harrah's North Kansas City property located at 1 Riverboat Drive, North Kansas City, Missouri 64116." This contention, aside from being false,[1] does not implicate Plaintiff's constitutional rights under 42 U.S.C. 1983. Plaintiff further alleges that she "was unlawfully detained by Caesars Entertainment, Inc. security officers and the Missouri State Highway Patrol." This statement also fails to allege that Caesars operated under color of state law as required for a Section 1983 claim. Absent from Plaintiff's complaint is any allegation that Caesars conspired with, agreed, or had a joint enterprise with law enforcement officials, such that its actions would be interpreted as acting under color of state law. Accordingly, viewing the claims in the light most favorable to the Plaintiff, the Court finds Plaintiff failed to satisfy the Rule 12(b)(6) pleading requirements.

---

[1] Caesars maintains that it did not and does not own or operate Harrah's North Kansas City, and it did not and does not employ anyone in Missouri or Kansas. Caesars maintains that it "is a now dissolved and non-operational entity, having ceased operations in June of 2005, with a merger into Harrah's Operating Company, Inc. and the subsequent dissolution of that entity" and "had no business operations from 2005 through the present" (Doc. 11).

4

## Conclusion

For the foregoing reasons, the Court declines to dismiss Defendants North Kansas City and Clay County at this time.  However, finding that Plaintiff cannot state a claim against Defendant Caesars upon which relief can be granted, Defendant Caesars's motion to dismiss (Doc. 10) is GRANTED.

**IT IS SO ORDERED.**

Date: <u>May 18, 2012</u>                             <u>        /s/ Greg Kays                </u>
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT