IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SHARON GOODEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-00286-CV-W-DGK |
| | ) | |
| CITY OF NORTH KANSAS CITY, | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SUGGESTIONS IN SUPPORT OF
## DEFENDANT CITY OF NORTH KANSAS CITY AND CLAY COUNTY'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

### Introduction

The two remaining Defendants in this lawsuit are the City of North Kansas City and Clay County. The Complaint attempts to assert against them constitutional claims pursuant to 42 U.S.C. § 1983. In order to present a viable constitutional claim against a governmental entity, the Plaintiff must allege facts showing the constitutional deprivation was the result of either an official "policy" or unofficial "custom." Because the Complaint presents no such allegations of fact - as opposed to mere legal conclusions - it is insufficient and fails to state a claim upon which relief may be granted.

### Standard of Review

A motion to dismiss is the proper method to test the legal sufficiency of a complaint. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). Federal Rule 12(b)(6) states that a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted. The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410

F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level" and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P.12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## Discussion

**A. City of North Kansas City**

Other than being identified as a Defendant in the Complaint, there is no allegation that the City of North Kansas City or any of its officials engaged in any conduct which violated Plaintiff's constitutional rights. To avoid dismissal, a Complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this case, because the Complaint does not allege any misconduct attributable to the City of North Kansas City, no viable theory against it has been presented. Accordingly, it is respectfully submitted the City of North Kansas City should be dismissed with prejudice.

## B. Clay County

After being arrested at a local casino, Plaintiff alleges she was "denied access to her medication and denied medical attention at the Clay County Detention Center in Liberty [,] Missouri by employees of the Clay County Sheriff's Department." Complaint, ¶ 9. She also claims she was denied access to a telephone, while it was made available to another detainee. *Id.* at ¶ 10.

Governmental entities cannot be held vicariously liable in civil rights litigation for the alleged conduct of its employees. Instead, § 1983 liability exists only "when execution of a government's policy or custom" causes the constitutional deprivation. *Monell v. Dep't. of Social Services of the City of New York*, 436 U.S. 658, 694 (1978). The only allegation contained within the Complaint addressing this issue is the conclusory statement that "Defendants failed to properly train the law enforcement officers involved in the unlawful detention of Plaintiff. . . . " Complaint, ¶ 7. It is respectfully submitted conclusory and unsupported statement is insufficient under Rule 12(b)(6). In *Twombly*, the Supreme Court recognized that the pleading standard set forth in Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. As the Court further explained in *Iqbal*, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). In this case, the Complaint contains the type of unadorned accusation described in *Iqbal*. Without any factual support, Plaintiff asserts Defendants "failed to properly train" the law enforcement officers. Complaint, ¶ 7. This is insufficient. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And despite the fact Plaintiff is proceeding pro

se, she must still "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Because Plaintiff has not pleaded sufficient facts to demonstrate Clay County as an entity had an unconstitutional policy or custom which caused Plaintiff's deprivation, a viable theory has not been presented. Accordingly, Clay County is also entitled to dismissal pursuant to Rule 12(b)(6).

## Conclusions

For the reasons set forth above, it is respectfully submitted a viable theory of recovery under 42 U.S.C. § 1983 has not been presented as to either the City of North Kansas City or Clay County. Therefore, these Defendants respectfully suggest their Motion to Dismiss should be granted.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ David S. Baker
DAVID S. BAKER, Mo. #30347
9393 W. 110th Street
Building 51, Suite 300
Overland Park, KS 66210
(913/339-6757) Fax: (913/339-6187)
E-mail: dbaker@fisherpatterson.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 22nd day of May, 2012, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system. I further certify that I have caused to be served on the following a true and correct copy of the above and foregoing by depositing same in the United States Mail, postage prepaid, on the 22nd day of May, 2012:

Sharon Gooden
P.O. Box 15301
Shawnee Mission, KS 66285
*Pro Se Plaintiff*

                                                 /s/ David S. Baker
                                                 DAVID S. BAKER