IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

SHARON GOODEN,            )
                          )
      Plaintiff,      )
                          )
Vs.                       )   Case No. 12-00286-CV-W-DGK
                          )
CITY OF NORTH KANSAS CITY,)
    MISSOURI, ET AL.,    )
                          )
      Defendants.     )

## PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF NORTH KANSAS CITY AND CLAY COUNTY'S MOTION TO DISMISS

Plaintiff respectfully opposes the City of North Kansas City and Clay County's Motion to Dismiss.

1, Defendants put forth as justification for dismissal that with the regard to the City of North Kansas City, there is no claim or allegation that the City of North Kansas City or any of its representatives engaged in any conduct which violated Plaintiff's constitutional rights.

Written witness statements given to the Missouri State Highway Patrol were sent to the Plaintiff's attorney of record in May, 2012. A written statement given by Angela K. Allen states that "He and Officer Gragg from NKCPD arrested her". A written statement provided by Jordan P. Infranca to the Missouri Highway Patrol states that "I was told to leave the Missouri gaming office by North Kansas city police and MGC Officer Reed." It is the Plaintiff's contention that the City of North Kansas City had a joint enterprise with the Missouri Highway Patrol and as such the City of North Kansas, via the police officer, operated under the color of state law.

2. The Defendants allege that the Complaint does not state sufficient facts to present a viable theory of recovery permissible under Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658 (1978).

The resolution of the case created a precedent that for the first time established local government accountability for unconstitutional acts and created the right to obtain damages from municipalities in such cases. Plaintiff's claim results from an official policy and custom of collaboration amongst the law enforcement agencies involved in this matter. Therefore the Complaint presents a "viable theory" of recovery permissible under Monell v. Dep't of Social Services of the City of New York.

WHEREFORE, based upon the above and foregoing, Plaintiff respectfully prays this Court deny Defendants' Motion to Dismiss.

Sharon Gooden, Plaintiff
P.O. Box 15301
Shawnee Mission, KS 66285

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with thee Clerk of the Court on June _____, 2012 and also a copy was mailed, by U.S. Mail, this ____ day of June, 2012, to the following:

David S. Baker
9393 W. 110th Street
Building 51, Suite 300
Overland Park, KS 66210