IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHARON GOODEN, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Case No. 12-00286-CV-DGK |
| CITY OF NORTH KANSAS CITY, MISSOURI, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case arises from Plaintiff's complaint against Defendants (1) City of North Kansas City, Missouri ("North Kansas City"); (2) County of Clay County, Missouri ("Clay County"); (3) the State of Missouri; and (4) Caesars Entertainment, Inc. d/b/a Harrah's North Kansas City ("Caesars") for unlawful detainment, violation of constitutional rights, and mental anguish. Pending before the Court is a motion to dismiss for failure to state a claim on behalf of Defendants North Kansas City and Clay County (Doc. 32).[1] Having fully considered the parties' arguments, the Court grants Defendants' motion to dismiss.

### Background[2]

On October 11, 2011, *pro se* Plaintiff Sharon Gooden, a Kansas resident, filed a complaint under 42 U.S.C. § 1983 against Defendants (1) City of North Kansas City, Missouri; (2) County of Clay County, Missouri; (3) the State of Missouri; and (4) Caesars Entertainment, Inc. d/b/a Harrah's North Kansas City in the United States District Court for the District of

---

[1] In ruling on this motion, the Court has also considered Defendants' Suggestions in Support (Doc. 33) and Plaintiff's response (Doc. 36).
[2] This background is taken from the Court's May 18, 2012 order granting Defendant Caesars' motion to dismiss (Doc. 30).

1

Kansas. Plaintiff's complaint arises from a trip to Harrah's North Kansas City casino during the early morning hours of December 27, 2009, where she alleges a member of the Missouri Highway Patrol grabbed her arm and slammed her against a wall. Plaintiff further alleges that after she was taken to the Clay County Detention Center in Liberty, Missouri, she was denied medical attention. Since filing, the Court has granted Defendants State of Missouri and Caesars' motions to dismiss.

## Standard

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court must construe complaints from *pro se* plaintiffs liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, pro se litigants must still "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Discussion

**A. Plaintiff fails to state a claim against Defendant North Kansas City.**

Defendants argue that North Kansas City should be dismissed from the lawsuit because, aside from being identified as a defendant in the complaint, there are no allegations that North Kansas City or any of its officials engaged in conduct which violated Plaintiff's constitutional rights. In her reply, Plaintiff states that she believes North Kansas City had a joint enterprise

2

with the Missouri Highway Patrol, and, as such, North Kansas City, through a highway patrol officer, violated her constitutional rights. This statement, however, is insufficient to defeat Defendants' 12(b)(6) motion to dismiss. Because a complaint must include "enough facts to state a claim to relief that is plausible on its face," and because Plaintiff's complaint fails to state any allegations against North Kansas City, the Court grants Defendants' motion to dismiss them as a defendant.

### B. Plaintiff fails to state a claim against Defendant Clay County.

Plaintiff's potential claims against Clay County stem from her allegations that she was "denied access to her medication and denied medical attention at the Clay County Detention Center in Liberty, Missouri by employees of the Clay County Sheriff's Department" (Doc. 1). She also claims that she was denied access to a telephone even though access was provided to another detainee. *Id.*

Governmental entities are liable under 18 U.S.C. § 1983 for the alleged conduct of their employees only "when execution of a government's policy or custom" causes the constitutional deprivation. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978). Here, Plaintiff's only allegation that Clay County could be liable for the acts of its employees is her conclusory statement that "Defendants failed to properly train the law enforcement officers involved in the unlawful detention of Plaintiff" (Doc. 1). While the Court recognizes that the that the complaint of a *pro se* litigant must be given a liberal construction, *Estelle v. Gamble,* 429 U.S. at 106, this does not relieve Plaintiff of the requirement to "allege sufficient facts to support the claims advanced." *Harry*, 364 F.3d at 914. Because Plaintiff has provided no more than unadorned accusations, "supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, the Court finds that she has not pleaded sufficient facts to state a claim against Clay County.

3

## Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not stated a claim against either Defendant North Kansas City or Defendant Clay County. Accordingly, Defendants' motion to dismiss (Doc. 32) is GRANTED. This case is dismissed WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: September 14, 2012 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT